IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEN SAVAGE<br>1486 Cherry Road<br>Franklin, GA 30217<br><br>        Plaintiff,<br><br>        v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES<br>99 New York Ave. NE<br>Washington, DC 20226<br><br>        Defendant. | COMPLAINT<br>(Freedom of Information<br>Act, 5 U.S.C. §552) |

Comes now the Plaintiff, by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Len Savage is a Federal Firearms Licensee, i.e., is licensed to transact business in firearms, including those regulated by the National Firearms Act ("NFA") and an adult male citizen of the State of Georgia.

5. Defendant BATFE is a component of the Department of Justice and an agency within the meaning of 5 U.S.C. § 552(f). Defendant BATFE has possession, custody and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On February 11, 2019, Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant BATFE. The FOIA was submitted via email and facsimile. A true and correct copy of the FOIA (with an attached exhibit) is attached as Exhibit "1."

7. Plaintiff's FOIA requested two discrete sets of documents:

a. Documents and all other tangible things, including but not limited to, emails, PowerPoint presentations, and communications related to a briefing at the Chief Counsel's Office wherein a written brief and PowerPoint presentation, which discussed "automatically" and "single function of a trigger" was discussed (see attached Declaration of Rick Vasquez attached as Exhibit "1", paragraphs 13 and 14);

b. And, any other such similar briefings, which discussed Historic Arms, LLC, its products, and/or its president, Len Savage.

8. After submitting the FOIA, the BATFE provided an acknowledgement letter to undersigned and assigned the request as a "complex track". *See* Exhibit "B".

9. The BATFE did not determine whether it would comply with the request or state how many documents would be produced and what exceptions, if any, would be invoked.

10. Pursuant to FOIA, 5 U.S.C. §552(a)(6)(A)(i), Defendant BATFE had 20 business days in which to produce the requested records. This period has expired.

11. Pursuant to 5 U.S.C. §552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.

12. As of the date of this Complaint, Defendant has failed to: (i) to fully comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefore; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

13. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. §552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. §552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552 Against BATFE)

14. Plaintiff realleges the preceding paragraphs as if fully stated herein.

15. Defendant BATFE is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

16. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant BATFE is compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 2, 2019

>Respectfully Submitted,
>
>LEN SAVAGE
>
>**/s/ Stephen D. Stamboulieh**
>Stephen D. Stamboulieh
>Stamboulieh Law, PLLC
>P.O. Box 4008
>Madison, MS  39130
>(601) 852-3440
>stephen@sdslaw.us
>DC District Court Bar# MS0009
>*Counsel for Plaintiff*