# ⓢ Stambouleih Law, PLLC

P.O. Box 4008, Madison, MS  39130 | (601) 852-3440 | stephen@sdslaw.us

February 11, 2019

ATTN: Disclosure Division, Room 4E.301           *Via Electronic Mail and Facsimile*
99 New York Avenue, NE
Washington, DC 20226
Email: foiamail@atf.gov
Fax: (202) 648-9619

RE: Freedom of Information Act Request

Dear FOIA Officer:

    I represent Len Savage in this request.  Pursuant to the Freedom of Information Act (5 U.S.C. § 552), please provide the following information within twenty (20) business days:

1) Documents and all other tangible things, including but not limited to, emails, PowerPoint presentations, and communications related to a briefing at the Chief Counsel's Office wherein a written brief and PowerPoint presentation, which discussed "automatically" and "single function of a trigger" was discussed (see attached Declaration of Rick Vasquez attached as Exhibit "1", paragraphs 13 and 14);

2) And, any other such similar briefings, which discussed Historic Arms, LLC, its products, and/or its president, Len Savage.

    I am willing to pay up to $200 for the processing of this request.  I also request a fee waiver as these materials are greatly in the public interest and because the requested records will be distributed free of charge on the internet.

    Thank you for your attention to this matter.

                                                  Best regards,

                                                STEPHEN D. STAMBOULIEH

cc: Peter J. Chisolm

                                              Exhibit "A"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMIEN GUEDUES, *et al.*, | |
| **Plaintiffs** | |
| v. | Case No. 1:18-cv-02988-DLF |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | Judge Friedrich |
| **Defendants** | |

| | |
|---|---|
| FIREARMS POLICY COALITION, Inc. | |
| **Plaintiff** | |
| v. | Case No. 1:18-cv-03083-DLF |
| MATTHEW WHITAKER, *et al.*, | Judge Friedrich |
| **Defendants** | |

## VERIFIED DECLARATION OF RICHARD (RICK) VASQUEZ

I, Richard (Rick) Vasquez, am competent to state and declare the following based on my training, experience, personal knowledge and prior qualification by the federal court as an expert:

1. As reflected in Exhibit 32 of Exhibit A to the Amended Complaint, I am a former employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), where over my 14 year tenure, I held the titles of senior Technical Expert,

Assistant Chief of the Firearms Technology Branch ("FTB") Acting Chief of the FTB, and Acting Chief of the Firearms Training Branch.

2. In these roles, I was responsible for evaluating firearms, non-firearms, and firearm accessories, consistent with the Standard Operating Procedures of the FTB, and making determinations on whether a particular item constituted a firearm, non-firearm or merely a firearm accessory. Additionally, I provided instruction on definitions of firearms in the Gun Control Act and the National Firearms Act, for ATF.

3. I attended oral argument on February 6, 2019 in this matter.

4. After the enactment of the Firearm Owners Protection Act in 1986 in or about September of 1989, the ATF Chief Counsel's Office issued a legal opinion to the FTB on what constituted a "single function of the trigger."

5. In the legal opinion issued by the ATF Chief Counsel's Office, contrary to the Government's argument in this matter, it determined that pursuant to the definition of machinegun enacted by the Congress, for a firearm to constitute a machinegun, it had to fire more than one round – or otherwise, continuously – when the trigger was pulled and held to the rear.

6. The legal opinion further determined that if the trigger had to be mechanically reset before a subsequent round could be fired, the firearm could not constitute a machinegun, as that constituted a separate function of the trigger, and that the proper analysis of "single function of the trigger," based upon the intent of Congress and statutory language, could only be from a mechanical standpoint.

7. The legal opinion also stated that a "single function of the trigger" meant a single "movement" of the trigger, regardless of whether the movement was the pull or release of the trigger, each of which were a separate "single function of the trigger".

8. In summation, the legal opinion held that a firearm would only be classified as a machinegun *only* if each movement of the trigger resulted in more than one shot being fired.

9. This legal opinion was binding on FTB and was the standard employed in all determinations issued by ATF, prior to the Final Rule.

10. In relation to the Akins Accelerator, it was initially not classified as a machinegun because a non-working sample was submitted for evaluation, which precluded FTB from being able to test the device for functionality. In fact, at the time that the Akin Accelerator entered the market, FTB still had not been provided a functioning sample to evaluate.

11. After the Akins Accelerator entered the market, a request was made by a third-party to evaluate a working sample. Due to concern over whether or not the device operated "automatically" and with a "single function of the trigger," the Chief Counsel's Office and FTB were directed to brief Acting Director Michael Sullivan.

12. In attendance at the briefing were Acting Director Sullivan, Theresa Ficaretta, Esq., James Vann, Esq., Michael Curtis (from FTB) and myself.

13. During the briefing, the Chief Counsel's Office provided a written brief and a PowerPoint presentation, which discussed "automatically" and "single function of

a trigger." The brief and PowerPoint presentation, based on the intent of Congress and the statutory text, detailed how even the Akins Accelerator was not a machinegun. However, Acting Director Sullivan decided, against the advice of the Chief Counsel's Office, to declare the Akins Accelerator a machinegun.

14. It is my belief and understanding that the written brief and PowerPoint presentation of the Chief Counsel's Office, as well as other communications and determinations on "automatic" and "single function of the trigger," still exist within ATF and were never mentioned nor address during the rulemaking in this matter or the Final Rule.

*   *   *

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2019.

_____
Richard Vasquez

4